J-A17022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :          PENNSYLVANIA
            Appellant   :
  :
  :
  :
         v.   :
  :
  :
  :
AYANA BURELL   :    No. 2500 EDA 2022

Appeal from the Order Entered September 2, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002464-2022

BEFORE: KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY PELLEGRINI, J.: **FILED OCTOBER 11, 2023**

I join the majority memorandum in full. I agree that the trial court

exceeded its authority by *sua sponte* vacating Burell's conviction for simple

assault and that the testimony at trial was sufficient to establish the elements

of that charge. Viewing the evidence in the light most favorable to the

Commonwealth, the victim's testimony establishes the elements of simple

assault by attempt to inflict bodily injury, even though no bodily injury

resulted. ***See*** N.T., 8/26/22, at 12 ("And, as I turn to get a picture of the

license plate Ayana—or, the defendant, squares up and she hits me. She

connected with my right side of my face and my neck."); ***id.*** at 17 ("And, as

_____

[*] Retired Senior Judge assigned to the Superior Court.

I was walking past, out of nowhere the defendant balled up the fist and squares up and proceeded to punch me on the right side of my face.").

The trial court's analysis credited Mr. Hudson's testimony that Burell launched a "windmill punch" toward the victim with the intent to knock her cell phone out of her hand.[1] *See* N.T., 9/2/22, at 4-6; Trial Court Opinion, 11/9/22, at 9-10 (pagination supplied). It made the same factual finding at the conclusion of the trial. N.T., 8/26/22, at 55 ("She did a windmill, over the— punch. Exactly how he described it. She tried to knock the cell phone I guess out of the woman's hand. I have no idea why, but as he said, he heard the contact."). This is precisely the type of credibility determination that rests with the trial court in a bench trial. *See Commonwealth v. Konias*, 136 A.3d 1014, 1023 (Pa. Super. 2016).

I write separately to note that when the judgment of sentence is reinstated on remand, Burell is entitled to raise a challenge to the weight of the evidence to support her conviction based on this credibility finding in a timely post-sentence motion. Pa. R. Crim. P. 607(A)(3) & 720(B)(1)(a). A post-sentence motion must be filed within ten days of sentencing. Pa. R. Crim. P. 720(A)(1). As the trial court reconsidered its verdict one week after trial, Burell did not previously have a full opportunity to challenge the weight

---

[1] At the conclusion of trial, the trial court went so far as to describe Mr. Hudson as "probably the most credible man I have heard testify in a long time[.]" N.T., 8/26/22, at 54.

of the evidence or raise any other claim in a post-sentence motion.  Nothing in our decision today prevents her from doing so on remand.